UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYVAUGHN ROYCE EMBREY,**<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>**G.J. GUIRBINO,**<br><br>　　　　　Respondent. | **CASE NO. 1:04-CV-6101 AWI JMD**<br><br>**ORDER DENYING RULE 60(b) MOTION**<br><br>(Doc. No. 36) |

On August 16, 2004, Petitioner filed this action for relief under 28 U.S.C. § 2254. See Doc. No. 1. On March 13, 2008, over objections from Petitioner, the Court adopted a thirty-four page Findings and Recommendation ("F&R") from the Magistrate Judge. See Doc. Nos. 21, 22, 23. The Court agreed with the F&R that Petitioner's claims did not have merit. See Doc. Nos. 21, 23. The Court denied Petitioner's petition and declined to issue a certificate of appealability under 28 U.S.C. § 2253. See Doc. No. 23.

On March 12, 2009, the Court denied Petitioner's motion for certificate of appealability. See Doc. No. 26.

On March 25, 2009, Petitioner filed an appeal with the Ninth Circuit. See Doc. No. 28.

On September 3, 2010, the Federal Defender's Office was appointed to represent Petitioner on appeal. See Doc. No. 32.

On December 15, 2011, the Ninth Circuit affirmed this Court's denial of Petitioner's § 2254 petition. See Doc. No. 34. Mandate issued on January 6, 2012. See Doc. No. 35.

On February 23, 2017, Petitioner filed this Rule 60(b) motion for relief. See Doc. No. 36.

Petitioner's motion relies on Federal Rule of Civil Procedure 60(b)(6). Petitioner contends that he is not attempting to bring a successive § 2254 petition, but is attempting to establish that errors were committed by this Court and the Magistrate Judge. Specifically, Petitioner argues that: (1) the Court mechanically adopted the F&R while ignoring violations of § 2254(d)(2) and § 2254(e)(1), the Magistrate Judge erred by not appointing counsel prior to appeal, and appellate counsel erred by not addressing California Penal Code § 1538.5; (2) the Court overlooked "miscarriage of justice factors" under § 2254(b)(1)(B) and the State's improper forum shopping in violation of California Penal Code § 1538.5; and (3) the Court erred by not expanding the record and not holding an evidentiary hearing.

There are significant problems with Petitioner's Rule 60(b)(6) motion.

First, the petition is not entirely clearly. It appears that Petitioner may be trying to obtain relief by arguing that his underlying conviction was obtained in violation of California Penal Code § 1538.5 and the Fourteenth Amendment Due Process Clause. To the extent that Petitioner is attempting to do so, Petitioner is asserting a "claim" for relief that would constitute a successive § 2254 petition. See Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013); United States v. Washington, 653 F.3d 1057, 1063 (9th Cir. 2011). Because Petitioner has already had a § 2254 petition denied, he was required to obtain authorization from the Ninth Circuit before attempting to obtain relief in this Court. 28 U.S.C. § 2244(b); Jones, 733 F.3d at 834. Petitioner did not do so. Without authorization, this Court has no jurisdiction. Washington, 653 F.3d at 1065; Allen v. Ornoski, 435 F.3d 946, 958 (9th Cir. 2006).

Second, to the extent that Petitioner is not bringing a successive § 2254 petition, a Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner's motion was filed about eight years after this Court adopted the F&R and closed the case, and about five years after mandate issued on the Ninth Circuit's order that affirmed this Court's denial of Petitioner's petition. Petitioner does not address the timeliness of his petition. Given the excessive time gaps and the failure of Petitioner to address timeliness, Petitioner's motion violates Rule 60(c)(1).

Third, Rule 60(b)(6) "is to be utilized only where extraordinary circumstances prevented a

party from taking timely action to prevent or correct an erroneous judgment." Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cal. 2007). Thus, a party who moves for Rule 60(b)(6) relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). Petitioner has made no such showing in this case.

Fourth, to the extent that Petitioner seeks to re-litigate matters that were included or could have been included in the now final appeal to the Ninth Circuit, such efforts are improper. See Seese v. Volkswagenwerk A.G., 679 F.2d 336, 337 & n.1 (3d Cir. 1982).

Given these flaws, Petitioner's motion will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Rule 60(b)(6) motion (Doc. No. 36) is DENIED;
2. No motions for reconsideration will be entertained in this matter; and
3. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   September 14, 2017

SENIOR DISTRICT JUDGE