# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYVAUGHN ROYCE EMBREY,<br><br>Petitioner,<br><br>v.<br><br>G.J. GUIRBINO,<br><br>Respondent. | CASE NO. 1:04-CV-6101 AWI JMD<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

On September 15, 2017, the Court denied Petitioner's Rule 60(b)(6) motion. See Doc. No. 37. As part of that order, the Court stated that no motions for reconsideration would be considered. See id.

On October 2, 2017, Petitioner filed a motion for reconsideration. See Doc. No. 38. On October 16, 2017, the Court denied the motion for reconsideration. See Doc. No. 46.

On November 16, 2017, the Ninth Circuit issued a limited remand for this Court to determine whether a certificate of appealability pursuant to 28 U.S.C. § 2253 should issue with respect to the September 2017 Rule 60(b) motion. See Doc. No. 47. The Court follows the Ninth Circuit's remand and makes the following analysis.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the context of a Rule 60(b) motion filed as part of 28 U.S.C. § 2255 petition, the Ninth Circuit has held that a certificate of appealability should issue if the movant shows: (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying petition states a valid claim of the denial of a constitutional right. United States v. Winkles, 795 F.3d 1134, 1140 (9th Cir. 2015); Rodriguez v. Da Matt Greco, 2017 U.S. Dist. LEXIS 70100, *4-*6 (S.D. Cal. May 8, 2017); Sakellaridis v. Davey, 2017 U.S. Dist. LEXIS 8329, *4-*5 (E.D. Cal. Jan. 19, 2017); De Adams v. Hedgpeth, 2016 U.S. Dist. LEXIS 101781, *34-*37 (C.D. Cal. June 8, 2016).

In the present case, the Court concludes that jurists of reason would not find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion. Therefore, the Court will not issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability will not issue in this matter.

IT IS SO ORDERED.

Dated: November 17, 2017

_____
SENIOR DISTRICT JUDGE